IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03343-RMR-SBP

DERRICK BROWN,

    Plaintiff,

v.

7-ELEVEN, INC.,

    Defendant.

## ORDER STAYING DISCOVERY

**Susan Prose, United States Magistrate Judge**

    This matter comes before the court sua sponte pursuant to the Order Referring Case, authorizing this court to convene a scheduling conference under Federal Rule of Civil Procedure 16 and to "hear and determine pretrial matters, including discovery[.]" ECF No. 40. Upon a review of the entire docket, the court respectfully finds that it is appropriate to defer setting a scheduling conference at this time, and to temporarily stay discovery in this matter, until Defendant 7-Eleven, Inc.'s Motion to Dismiss, ECF No. 10, is resolved.

    While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings while a motion to dismiss is pending, Rule 26(c) permits the court, upon a finding of good cause, to enter a protective order to protect a party from "undue burden or expense," including by specifying terms on which discovery may be had. Fed. R. Civ. P. 26(c)(1)(B). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which

must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

While staying discovery pending a ruling on a motion to dismiss is generally disfavored, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), this is not a hard and fast rule. "[G]ood cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007). In deciding whether to stay discovery, courts in this District typically consider five factors, known as the *String Cheese* factors: (1) the "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). But the ultimate decision whether to stay discovery always rests firmly in the sound discretion of the trial court. *See Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

The court concludes that an assessment of the *String Cheese* factors, applied to this case, supports a temporary stay of discovery here.

As to the first *String Cheese* factor, Plaintiff's interest in proceeding expeditiously, the pending Motion to Dismiss raises threshold issues that should be resolved at the earliest stage of the case. Defendant argues that Plaintiff's federal claims cannot proceed because there is no private right of action under the Federal Food, Drug, and Cosmetic Act or the Federal Trade

Commission Act. Motion at 4-5.[1] Under these circumstances, a temporary stay of discovery to allow the court to determine whether Plaintiff's federal claims can properly be pursued at all does not unduly prejudice Plaintiff and weighs in favor of a stay. *See, e.g.*, *Lucero v. City of Aurora*, No. 23-cv-00851-GPG-SBP, 2023 WL 5957126, at *2 (D. Colo. Sept. 13, 2023).

As to the second *String Cheese* factor, the burden on Defendant of proceeding with discovery while its Motion to Dismiss is pending would be significant. Were some or all claims to be dismissed—a point on which this court expresses no view at this time—discovery may be for naught. Thus, this factor weights in favor of a stay.

As to the third *String Cheese* factor, convenience to the court favors a stay. Defendant has moved to dismiss all of Plaintiff's claims and specifically seeks the dismissal of his federal claims on grounds that a private right of action is not authorized under the relevant federal statutes. Given the pending dispositive motion, this court finds that a stay of discovery would conserve judicial resources by defining the precise contours of the action before discovery proceeds. *See, e.g.*, *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *2 (D. Colo. Nov. 4, 2019) (recognizing that, where a pending motion to dismiss may fully resolve the case, "a stay may prevent a waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal"). This factor carries special weight where, as in the instant motion to dismiss, issues implicating the court's ability to adjudicate all or parts of a lawsuit have been raised.

In short, the court finds that a stay would be convenient to the court and would promote judicial efficiency. Therefore, the third *String Cheese* factor weighs in favor of a stay.

---

[1] In addition, Defendant asserts that Plaintiff's allegations do not give rise to a viable claim under the Colorado Consumer Protection Act, ECF No. 10 at 5-7, and that Plaintiff also has not plausibly alleged claims for public nuisance or negligence. *Id.* at 7-8.

As to the fourth *String Cheese* factor, this court finds nothing in the record to suggest that a non-party other than Plaintiff would be affected by the imposition of a temporary stay in this case. A non-party does not have an interest in the expenditure of judicial resources in advance of a determination that the claims a litigant is attempting to pursue are legally viable. Thus, insofar as this factor does not affirmatively counsel against a stay, the court concludes that factor four is neutral.

Finally, under the fifth *String Cheese* factor, the "primary interest" of the public at large "is an efficient and just resolution" of this matter. *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). That goal will not be facilitated by this court's diverting limited resources to the management of possibly unnecessary discovery disputes in a matter that portends the need for significant court involvement—a point presaged by Plaintiff's voluminous motions practice to date.

In sum, a balance of the *String Cheese* factors favors a stay. The court therefore concludes that a temporary stay of discovery pending resolution of Defendant's Motion to Dismiss is appropriate.

Accordingly, it is respectfully **ORDERED** that **discovery in this matter is stayed** pending resolution of Defendant's Motion to Dismiss. ECF No. 10.[2]

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review,

DATED: July 12, 2025                    BY THE COURT:

                                                                    _____
                                                                    Susan Prose
                                                                    United States Magistrate Judge

---

including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").